UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| CHRISTOPHER BRIAN DARNELL ] | |
|     Plaintiff, ] | |
| ] | |
| v. ] | No.3:13-1445 |
| ] | Judge Sharp |
| GOOGLE, INC., et al. ] | |
|     Defendants. ] | |

**M E M O R A N D U M**

    The plaintiff, proceeding *pro se*, is an inmate at the Hardeman County Correctional Facility in Whiteville, Tennessee. He brings this action pursuant to 42 U.S.C. § 1983 against five communications companies (Google, Bandwith, Nuestar, PenLink and Sprint); Mark Fishburn, a Criminal Court Judge in Davidson County; Victor Johnson, the District Attorney General for Davidson County; three Davidson County prosecutors (Zimmerman, Homlar and Thurman); William Loucks, a Metro Nashville Police Detective; and six Metro Nashville Police Officers (Grindstaff, Holton, Galluzzi, Syzmanski, Donaldson and Mackall); seeking damages.

    The plaintiff claims that the defendants used illegal wiretaps and warrantless searches to secure his guilty plea to a drug related charge ("For fear of them being used in a jury trial I had to plea out.").

    A prisoner does not state a cognizable claim under 42 U.S.C.

§ 1983 if a ruling on his claim would necessarily render his continuing confinement invalid, until and unless the reason for his continued confinement has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or has been called into question by a federal court's issuance of a writ of habeas corpus. Heck v. Humphrey, 114 S.Ct. 2364, 2372 (1994).

Clearly, the use of allegedly illegal evidence to obtain a guilty plea could place the plaintiff's conviction and confinement in jeopardy. Nowhere in the complaint is it suggested that the plaintiff has already successfully tested the validity of his conviction in either a state or federal court. Therefore, the plaintiff's claims are not yet cognizable in the instant action.[1]

In the absence of a cognizable claim, the Court is obliged to dismiss the instant action *sua sponte*. 28 U.S.C. § 1915(e)(2).

An appropriate order will be entered.

_____
Kevin H. Sharp
United States District Judge

---

[1] The plaintiff also asserts claims arising under state and federal wiretapping laws. For the reasons expressed in Heck, these claims are not cognizable at this time as well.